DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, conveyed to the court at the April 21, 2008, initial case management conference. Plaintiffs were represented by Andrea Doss (Doss). Defendant was represented by Jack Graff (Graff) and Vickie McArdle, both of whom are appraisers with the Washington County Assessor's office. The asserted basis for the dismissal request is that Plaintiffs did not appeal to the county board of property tax appeals (board) and their appeal is therefore "untimely."
 I. STATEMENT OF FACTS
By their Amended Complaint, Plaintiffs are appealing the 2007-08 tax year, seeking a reduction in the real market value (RMV) of their home, from $463,770 to $403,000 (a reduction of $60,770). Plaintiffs purchased their home in January 2006 for $383,000. Plaintiffs received a property tax statement in October 2007 that reflected the current and prior year's RMV's, as well as assessed values (AV's) and property taxes. Plaintiffs did not file an appeal with the board after they received their tax statement. Plaintiffs filed a Complaint with this court on March 3, 2008, and subsequently amended that Complaint on March 11, 2008.
During the April 21, 2008, initial case management conference, Graff advised the court that Plaintiffs had not petitioned the board, and asserted that their appeal was untimely. Doss *Page 2 
acknowledged that Plaintiffs had not petitioned the board. Graff further opined that Plaintiffs did not have "good and sufficient cause" for failing to petition the board. The court placed Doss under oath and received sworn testimony on the question of good and sufficient cause.
 II. ANALYSIS
A. Introduction
Plaintiffs appeared pro se, and admitted they had little knowledge of Oregon's system of property valuation and assessment. A brief overview of certain relevant aspects of that system is, therefore, helpful to a proper understanding of this case.
In Oregon, the "assessment year" is a calendar year, and the "tax year" is a 12 month period beginning on July 1 each year. ORS308.007(1)(b), (c).[1] The "assessment date" is January 1, per ORS308.007(1)(a) and ORS 308.210, and corresponds to the tax year beginning six months later on July 1. ORS 308.007(2). Thus, for the 2007-08 tax year, the assessment date was January 1, 2007, the tax year began on July 1, 2007, and ended 12 months later on June 30, 2008.
The assessor is required to determine the value of all taxable property in the county as of the January 1 assessment date each year. ORS 308.210(1). Tax statements are mailed each year in October, and must go out before October 25. ORS 311.250(1). Defendant determined the value of Plaintiffs' property for the 2007-08 tax year as of January 1, 2007, and the tax collector sent the tax statement in October 2007. Plaintiffs acknowledge they received that tax statement.
B. Board Appeal Process
Taxpayers unhappy with the value of their property as it appears on their yearly tax statement may petition the board as provided in ORS309.026 and 309.100. Such petitions *Page 3 
"shall be filed with the clerk of the board during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 309.100(2). The applicable deadline for the 2007-08 tax year was December 31, 2007. Plaintiffs did not file a petition with the board.
C. ORS 305.288
By statute, appeals to the magistrate division of the tax court are "from an order of the board as a result of the appeal filed under ORS 309.100." ORS 305.275(3). A taxpayer who fails to petition the board and timely appeal the board's decision to the Tax Court may nonetheless be entitled to a reduction in value provided one of two requirements are satisfied. See generally ORS 305.288. The first requirement is an allegation of an error in the RMV at of at least 20 percent. ORS305.288(1) (2007).[2] Plaintiffs, in this case, have not alleged a 20 percent value error. The second instance in which this court can consider an appeal and reduce the value of a separate assessment of property is where the taxpayer satisfies the Tax Court "that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(3). The statutory right of appeal in this case was a petition to the board.
D. Good and Sufficient Cause
Do Plaintiffs have good and sufficient cause for failing to petition the board? The statutory requirement of "good and sufficient cause" is defined as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" *Page 4 
ORS 305.288(5)(b)(A). Doss testified that she and her husband had medical reasons for not appealing their value to the board. According to her testimony, Doss's husband Brandon had an accident with the garage door that tore his bicep. The accident occurred sometime in November 2007, but the nature of the injury was not determined for several weeks. Brandon had surgery on December 17, 2007. Doss also had "scheduled surgery" that same day.
Medical conditions can qualify as "an extraordinary circumstance that is beyond the control of the taxpayer," and thus satisfy the "good and sufficient cause" standard. However, the court concludes that the medical problems Plaintiffs experienced in this case do not meet the statutory requirements. Doss testified that when she opened the tax bill in October she simply set it aside because they use their income tax refund, which they receive sometime in the following calendar year, to pay their property taxes. Doss testified that her typical practice is to not look at the tax statement until January of the calendar year following the receipt of the statement. Doss candidly testified that she "honestly didn't look at it" (the tax statement) when it arrived in October, but simply set it aside. She did not look at the statement again until after the board appeal deadline had passed. Moreover, Doss testified that she was not even aware that there may be a problem with the value of their property until Plaintiffs attempted to refinance their home in January 2008. The prospective lender informed Plaintiffs that the market value of their property at that time was approximately $416,000, nearly $50,000 below the RMV on the tax rolls as of January 1, 2007. It was not until then that Doss concluded there must be a problem with Defendant's value determination. Doss called the assessor's office on January 19, 2008, and was advised that it was too late to petition the board, but that she could file an appeal with the tax court. Doss further testified that the woman she spoke with at the assessor's office was very *Page 5 
helpful and called her back on three separate occasions, even giving her the website for the Tax Court.
Doss's explanation of her handling of the tax statement and subsequent discovery, after the board appeal deadline, that there may be a problem with the value of Plaintiffs' property leads the court to conclude that the lack of a petition to the board was not due to "an extraordinary circumstance beyond [Plaintiffs'] control," but, rather, was the result of a combination of inadvertence, oversight, and lack of knowledge. Plaintiffs did not look at their tax statement when it arrived. They had no idea at that time whether they agreed with the value are not. Plaintiffs had no intention of petitioning the board before the deadline because they did not even know that there may be a problem with their value until they attempted to refinance in January 2008, which was after the December 31, 2007, board appeal deadline. And, Plaintiffs had no knowledge of the appeal process until they called the assessor's office in the middle of January 2008. Had they looked at the statement when it arrived, Plaintiffs could have begun the process of inquiring as to why the value had increased and, in the event they concluded that an appeal was in order, they could have pursued the matter before the board deadline. ORS 305.288(5)(b)(B) provides that good and sufficient cause "[d]oes not include, inadvertence, oversight, [or] lack of knowledge."
 III. CONCLUSION
On the facts before it, the court concludes that Defendant's request for dismissal should be granted because Plaintiffs did not file a petition with the board before the December 31, 2007, statutory deadline, and they have not satisfied the requirements of ORS 305.288
that would allow the court to consider reducing the value of their property notwithstanding their failure to petition the board. Plaintiffs have not alleged an error in value of at least 20 percent, and the reason for *Page 6 
Plaintiffs' failure to petition the board does not satisfy the "good and sufficient cause" standard found in ORS 305.288(3). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal of Plaintiffs' value appeal for the 2007-08 tax year is granted and Plaintiffs' appeal is dismissed.
Dated this ______ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 16, 2008.The Court filed and entered this document on May 16, 2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[2] The court's references to the ORS for the analysis under ORS305.288 are to 2007 because Plaintiffs appealed to this court after those laws took effect, and any right to proceed under that statute emanate from the law in effect at the time the appeal was filed. *Page 1